UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALAN MENDEZ,

    Petitioner,

        v.                        CAUSE NO. 3:22-CV-143-JD-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Alan Mendez, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-21-9-26) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of assault with a weapon in violation of Indiana Department of Correction Offense 102. Following a hearing, he was sanctioned with a loss of one year of earned credit time and two demotions in credit class.

Mendez argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence to find that he participated in the assault. He contends that there were no medical records or bloody clothing in his possession to suggest his participation.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's

> guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

The administrative record includes a conduct report in which a correctional officer represented that he saw Mendez strike another inmate with a weapon several times and that the officer tased him. ECF 8-1. The administrative record includes photographs of the weapon and of the victim's injuries. ECF 8-2; ECF 9. It also includes a video recording summary and the video recording itself, which the court has reviewed and finds to be consistent with the conduct report. ECF 8-6; ECF 13. The conduct report, the photographs, and the video recording constitute some evidence that Mendez assaulted another inmate with a weapon. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Mendez also argues that he is entitled to habeas relief because the conduct report was not timely under departmental policy. Procedural due process does not require correctional staff to issue conduct reports within a particular amount of time in relation to the date of the offense. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Moreover, the failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire,* 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th

Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, the claim that Mendez did not receive a timely conduct report is not a basis for habeas relief.

Because Mendez has not asserted a valid claim for habeas relief, the habeas petition is denied. If Mendez wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Alan Mendez leave to proceed in forma pauperis on appeal.

SO ORDERED on July 13, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT